NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERRI M. MARTEL HERNANDEZ, | No.     19-35195 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05136-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted April 1, 2020**
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Sherri Martel Hernandez appeals the district court's affirmance of the Social

Security Commissioner's denial of her application for disability insurance benefits.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may not, however, reverse "an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

1. The ALJ did not err in evaluating the medical evidence. First, the ALJ gave the opinions offered by Dr. Hedrick, Dr. Luteyn, and Dr. Khaleeq "some" or "very limited" weight for specific and legitimate reasons that are supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Specifically, the ALJ permissibly discounted Dr. Hedrick's report because she reviewed very little objective medical evidence—a single chiropractic evaluation and a single neurological report—in forming her opinions. *See id.* at 1217 (affirming the ALJ's rejection of a psychological assessment that was prepared without any review of the "objective medical data or reports from treating physicians or counselors"). Additionally, the ALJ cited "specific examples" of how Dr. Hedrick's social-functioning assessment was inconsistent with Hernandez's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). The ALJ also permissibly discounted Dr. Luteyn's functional assessment of Hernandez because it is accompanied by little supporting reasoning and no clinical findings. *See* 20 C.F.R. § 404.1527(c)(3) ("The better an

2

explanation a source provides for a medical opinion, the more weight we will give that medical opinion."); *see also Molina*, 674 F.3d at 1111.  Lastly, the ALJ permissibly gave Dr. Khaleeq's opinions less weight than Dr. Shannon's because he reviewed little objective medical evidence in forming his opinions.  *See* 20 C.F.R. § 404.1527(c)(3) (ALJs may, in weighing medical opinions, "evaluate the degree to which [medical sources] consider all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources").

Second, the ALJ discounted the opinions offered by Hernandez's treating chiropractor and therapist for germane reasons.  *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017).  Specifically, the ALJ permissibly discounted Craig Cheple's opinion that Hernandez is unable to work given her chronic pain because it is conclusory.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (observing that an ALJ need not accept a medical opinion that is "conclusory").  Cheple's treatment notes, which primarily contain numerical assessments without accompanying narrative explanation, do not fill in the gaps.  The ALJ also permissibly gave very little weight to the opinions in Christine LaBeau's narrative reports on the ground that they are not consistent with the observations in her treatment notes.  For example, LaBeau's treatment notes do not support her observation that Hernandez holds "recurrent thoughts of suicide," or that Hernandez has "frequently sought hospital care at the emergency room when in

crisis."

Third, the ALJ did not err by giving great weight to the opinions offered by Dr. Lewis, Dr. Gollogly, and Dr. Virji even though none reviewed any evidence that postdates his report or Hernandez's testimony before the ALJ. The mere lapse of time did not render their reports unreliable, and Hernandez has not demonstrated that the Social Security regulations required them to update their reports for any reason.[1]

2. The ALJ provided clear and convincing reasons for discounting Hernandez's testimony regarding the extent of her limitations. *See Morgan*, 169 F.3d at 599. First, the ALJ permissibly discounted Hernandez's testimony regarding the frequency and severity of her panic attacks on the ground that it was inconsistent with what she told Dr. Shannon in January 2016 and her work history. *See Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include . . . inconsistencies in testimony or between testimony and conduct . . . ."). Second, the ALJ permissibly discredited Hernandez's testimony regarding the extent of her memory and

---

[1] In her opening brief, Hernandez summarizes certain medical findings and other medical providers' opinions and summarily concludes that "this evidence is consistent with [her] testimony about her symptoms and limitations." Because Hernandez fails to specifically and distinctly argue these points, we do not address them. *See Carmickle Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

4

concentration limitations because it was inconsistent with the observations recorded by various medical sources, including Dr. Shannon and Dr. Hedrick, as well as her own description of the tasks she performs on behalf of her husband's business. Lastly, the ALJ permissibly discounted Hernandez's testimony regarding the severity of her migraine symptoms because it was inconsistent with her work history. *See Orn*, 495 F.3d at 636.

3. The ALJ's evaluation of the lay-witness evidence does not require reversal. First, the ALJ permissibly discounted a function report prepared by Hernandez's mother, Norma Weston, for germane reasons, i.e., on the ground that it is inconsistent with the objective medical evidence and Hernandez's "reported level of activity." *See Molina*, 674 F.3d at 1114. These reasons are also supported by substantial evidence. For example, Weston's observation that Hernandez suffers four or five migraines a week, is inconsistent with Hernandez's testimony regarding the frequency of her migraines. Additionally, Weston's observations regarding Hernandez's memory and concentration limitations are similar to Hernandez's own testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that an ALJ discounts lay-witness testimony for a germane reason if it is similar to a claimant's own discredited subjective complaints). On the other hand, the ALJ erred by failing to discuss the letter prepared by Deana Seeley, Hernandez's supervisor. *See Molina*, 674 F.3d at 1114.

5

That error was, however, harmless because Seeley's observations are limited to the difficulties Hernandez encountered performing her receptionist duties, work that the ALJ concluded that Hernandez was unable to perform. *See id.* at 1115 (observing that an error is harmless if it "does not negate the validity of the ALJ's ultimate conclusion" (quoting *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir. 2004)).

4. Because the ALJ did not err in evaluating the medical evidence or Hernandez's testimony about the extent of her limitations, the ALJ also did not err in omitting some of her asserted limitations in the residual functional capacity ("RCF") assessment.

Finally, to the extent Hernandez argues that the ALJ erred in ignoring Dr. Shannon and Dr. Moore's observations in the RCF assessment, that argument is not supported by the record.

**AFFIRMED.**